IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSE PETTAWAY, JR.,               :

       :

    Petitioner,           :

       :

vs.                      :   CIVIL ACTION 06-0424-KD-M

       :

WARDEN ARNOLD HOLT,         :

       :

    Respondent.           :

REPORT AND RECOMMENDATION

Petitioner, an Alabama prison inmate proceeding pro se, filed a petition under 28 U.S.C. § 2254 together with a Motion for Leave to Proceed in Forma Pauperis (Docs. 1, 2).  This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, and is now before the Court for Petitioner's failure to prosecute and to obey the Court's Order.

On July 25, 2006, Petitioner was ordered to file his action on this Court's form for a petition under 28 U.S.C. § 2254 and to either pay the $5.00 filing fee or file this Court's current form for a motion to proceed without prepayment of fees by August 22, 2006 (Doc. 3).  Petitioner was warned that his failure to comply with the Order within the prescribed time would result in the dismissal of his action.  On August 21, 2006, Petitioner filed a Motion for Additional Time in Which to Respond (Doc. 4). Petitioner's motion was granted on August 21, 2006, and the deadline for responding to the Court's Order dated July 25, 2006,

was extended to September 15, 2006 (Doc. 5).  The Court's Order

dated August 21, 2006 (Doc. 5), has not been returned to the

Court, nor has the Court, to date, heard from Petitioner since

this Order was entered.  The Court finds that Petitioner has

abandoned prosecution of this action.

Due to Petitioner's failure to comply with the Court's

Order, and upon consideration of the alternatives available to

the Court, it is recommended that this action be dismissed

without prejudice pursuant to Rule 41(b) of the Federal Rules of

Civil Procedure as no other lesser sanction will suffice.  Link

v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734

(1962) (interpreting Rule 41(b) not to restrict the court's

inherent authority to dismiss sua sponte an action for lack of

prosecution); World Thrust Films, Inc. v. International Family

Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995);

Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir.

1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983);

Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord

Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d

27 (1991) (ruling that federal courts' inherent power to manage

their own proceedings authorized the imposition of attorney's

fees and related expenses as a sanction; Malautea v. Suzuki Motor

Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the

court's inherent power to manage actions before it permitted the

imposition of fines), <u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181,

126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk of
court.  Failure to do so will bar a <u>de</u> <u>novo</u> determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate
judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d
736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404
(5th Cir. Unit B, 1982)(<u>en</u> <u>banc</u>).  The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served with
> a copy of the recommendation, unless a different time
> is established by order.  The statement of objection
> shall specify those portions of the recommendation to
> which objection is made and the basis for the
> objection.  The objecting party shall submit to the
> district judge, at the time of filing the objection, a
> brief setting forth the party's arguments that the
> magistrate judge's recommendation should be reviewed <u>de</u>
> <u>novo</u> and a different disposition made.  It is
> insufficient to submit only a copy of the original
> brief submitted to the magistrate judge, although a
> copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the
> objection.  Failure to submit a brief in support of the
> objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.

3

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

     DONE this 4th day of October, 2006.


                        s/BERT W. MILLING, JR.
                        UNITED STATES MAGISTRATE JUDGE